UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEMETRIS BURNS,                     )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )     No. 3:06-cv-342
                                    )     (Shirley)
CHARLES RUCKER and JOHN DOE,        )
                                    )
         Defendants.                )

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 11].

The plaintiff's uninsured/underinsured motorist ("UM") carrier, Nationwide Insurance Company ("Nationwide"), moves to dismiss the defendant John Doe, an unknown person, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For grounds, Nationwide argues that the plaintiff cannot, as a matter of law, satisfy the requirements of Tenn. Code Ann. § 56-7-1201(e). [Doc. 19].

The plaintiff filed a response [Doc. 26] on February 28, 2007, opposing Nationwide's motion. In his response, the plaintiff argues that a motion for judgment on the pleadings would be improper and that the Court should consider the depositions of certain witnesses (which depositions had yet to be taken at the time of the plaintiff's response) prior to ruling on any motion to dismiss.

The Court granted the parties additional time to complete discovery [Doc. 27] on March 1, 2007, and set a hearing on Nationwide's motion to dismiss for March 30, 2007.

At the March 30, 2007 hearing, the plaintiff submitted the 28-page deposition transcript of Michael Swan. Nationwide conceded that consideration of this deposition converted its motion into one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(c).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Id. at 248. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery and

upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52; see also Gaines v. Runyon, 107 F.3d 1171, 1174-75 (6th Cir. 1997) (requiring non-moving party "to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial" in order to defeat summary judgment).

In the present case, the plaintiff alleges that he was injured when the vehicle in which he was traveling as a passenger lost control and traveled across the median of Interstate 75, striking a tractor-trailer traveling northbound on the other side. [Doc. 1]. In his answer, the defendant Charles Rucker, who was the driver of the vehicle in which the plaintiff was traveling, alleged that as he was driving in the left lane southbound on Interstate 75, an unknown vehicle suddenly and without warning came over in front of the defendant's vehicle, causing him to leave the roadway and cross the median. [Doc. 4]. In response to the defendant's allegations regarding this John Doe vehicle, the plaintiff filed an amended complaint [Doc. 13], alleging negligence on the part of John Doe as well. Upon service of the amended complaint [Doc. 16], the plaintiff's UM carrier, Nationwide, filed an answer [Doc. 18] on behalf of John Doe.

In order to recover under his UM policy, the plaintiff must satisfy the requirements of Tenn. Code Ann. § 56-7-1201(e), which provides that a UM carrier is not liable for the actions of an unknown motorist unless:

3

> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
>
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle . . . .

Tenn. Code Ann. § 56-7-1201(e). In the present case, there is no dispute that there was no actual physical contact between the defendant's car and the alleged John Doe vehicle. Accordingly, in order to recover UM benefits, the plaintiff must establish "[t]he existence of such unknown motorist . . . by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle." Id. To meet this burden, the plaintiff proffers the deposition testimony of Michael Swan, the driver of the tractor-trailer that was struck by the defendant's vehicle after it crossed the median. In his deposition taken on March 28, 2007, Swan testified that he saw the defendant's car "lose control while it was either in the process of or just getting past a southbound tractor-trailer and crossed the median and struck my truck." [Doc. 35, Swan Dep. at 6]. Swan further testified as follows:

> Q   Okay. Did you see the car prior to – as you described it – losing control?
>
> A   I didn't take notice, no, sir.
>
> Q   Okay. Did you witness any vehicle causing it to lose control?
>
> A   No, sir.
>
> Q   Did you see any vehicle other than the vehicle you're describing [the defendant's vehicle] and the tractor-trailer which it had passed?
>
> A   Only the – only other vehicle's [sic] behind me. There was –

4

>And a group of cars ahead of, say, this tractor-trailer and those cars – whatever you want to call them – but they were a good 100 yards ahead of them.

[Id. at 7].

The plaintiff contended at the March 30, 2007 hearing that Swan's testimony establishes the existence of a John Doe driver, thus satisfying the requirements of Tenn. Code Ann. § 56-7-1201(e)(1)(B). The Court disagrees. Swan testified that there was a group of cars approximately 100 yards ahead of the defendant's vehicle and the tractor-trailer that the defendant was attempting to pass at the time that the accident occurred. However, Swan testified that he did not see any of these vehicles cause the defendant to lose control. Thus, Swan's testimony, at best, establishes that there was a group of cars ahead of the defendant when the accident occurred – an all too common occurrence on an interstate and a fact which is not probative of whether one of these vehicles was the John Doe vehicle in question. Thus, the Court finds that this testimony fails to prove the existence of a John Doe vehicle in this case.

The Court has read Swan's deposition testimony in its entirety and does not find <u>any</u> evidence, much less clear and convincing evidence, to support the plaintiff's claim of the existence of a John Doe vehicle pursuant to Tenn. Code Ann. § 56-7-1201(e)(1)(B). The plaintiff has not produced any other evidence to satisfy this requirement. The plaintiff having failed to establish the existence of a genuine issue of material fact on this issue, the Court finds that Nationwide is entitled to a judgment as a matter of law. Accordingly, Nationwide's motion [Doc. 19] is well-taken, and it is therefore **GRANTED**.

The defendant Charles Rucker argues that even if the Court grants Nationwide's motion, Rucker is still entitled to allege and to prove fault on the part of John Doe at trial, and that

the jury is entitled to apportion fault to John Doe as it finds the proof supports. [Doc. 22]. The Court agrees. The plaintiff's failure to satisfy his burden under Tenn. Code Ann. § 56-7-1201(e)(1)(B) should not deprive a defendant of his right to assign fault to an unknown driver. See Brosan v. Looney, No. 3:02-cv-637 (E.D. Tenn. Nov. 5, 2003) (order permitting defendant to assign fault to dismissed John Doe drivers). Accordingly, the defendant Rucker will be permitted to allege and to prove fault on the part of the alleged John Doe at trial, and the jury will be entitled to apportion fault to John Doe, if the proof supports such a finding.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge